## THE MALTA.[1]

### THE MALTA v. SEVEN HUNDRED TONS OF CHALK.

(*District Court, E. D. Pennsylvania.* January 31, 1888.)

SHIPPING—DEMURRAGE—ATTACHMENTS.

A claim against the cargo for demurrage will be allowed for delay caused by the issuing of attachments under conflicting claims to it.

In Admiralty.

*Charles Gibbons, Jr.*, for libelant.

*Adams & Edmunds*, for respondent.

BUTLER, J. There is no dispute about the freight claimed. The Libelant is clearly entitled to demurrage. She is not in any way responsible for the delay. She had a lien for the freight and demurrage on the cargo, and was not interested in the dispute over it. She had a right to hold it until paid. The parties claiming the cargo having chosen to dispute about it, and thus create delay, they must bear the consequence. To cast the loss on the libelant would be grossly unjust. She was not blamable for refusing to discharge on a filthy wharf at the marshal's request. Had she so discharged she would have incurred risk of liability for damage, as well as risk of losing her proper charges, by injuring the merchandise to which she must look for payment. The sum claimed for delay, however, is too great. How much should be allowed per day, the evidence does not render certain. The number of days properly chargeable I find to be 16. Starting with October 11th, seven days are allowed for unloading the chalk. As the vessel was not docked until after 9 o'clock in the morning, a full day's work could not be done on that day. The intervening Sunday must be thrown out, and one day allowed for unloading the cement. This leaves 16 days for which the respondent is liable— the unloading of the entire cargo having been completed by the fourth of November, inclusive. What rate of compensation per day should be allowed must be referred to a commissioner, unless the parties can agree respecting it.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.